Argued May 25, affirmed June 25, 1979

In the Matter of Charles Alan Olson,
alleged to be a mentally ill person,
STATE OF OREGON, *Respondent,*
*v.*
OLSON, *Appellant.*
(No. 1369, CA 12833)
596 P2d 620

Robert P. VanNatta, St. Helens, argued the cause for appellant. With him on the brief were George G. VanNatta, and VanNatta & Petersen, St. Helens.

James C. Rhodes, Assistant Attorney General, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Lee, Gillette, Campbell and Peterson, Judges.

GILLETTE, J.

## GILLETTE, J.

Appellant was found to be a mentally ill person dangerous to others, and was committed to the custody of the Mental Health Division. He appeals, and we affirm.

Appellant's difficulties began when he received a traffic citation requiring him to appear in district court in Columbia County. While there during arraignments on traffic charges, he so disrupted proceedings that he was found to be in direct contempt of court and was sentenced to a day in jail. While being booked in at the jail, he was found to be in possession of a loaded pistol. This led additional charges and a significant bail.

Angered over the loss of his pistol (which had been impounded as evidence) and the bail he had been required to post, appellant then sent two letters to the district court judge. Setting the letters out in detail would not appreciably assist either bench or bar. It is sufficient to say that they were rambling and bizarre, and contained statements which might or might not have been personal threats against the life or health of the judge, depending upon the way in which they were intended. These proceedings followed.

At the hearing concerning appellant's mental condition, the two letters to the district court judge were placed in evidence. A trained psychologist then testified with respect to an all-day examination she had made of the appellant. She concluded that the appellant suffered from a paranoid schizophrenic delusional system which caused him to be distrustful of persons in authority, and which made him dangerous to people in such positions of authority under certain circumstances. She was of the opinion that the language contained in the two letters to the district court judge was intended as a threat to the judge.

The appellant himself testified. He claimed benign motives in writing the letters and insisted that he was

[825]

neither mentally ill nor threatening the judge. Under skillful cross-examination by the prosecutor, however, the appellant twice acknowledged that he had written the letters while he was quite angry and that, had he been able to get the judge alone during such a period of anger, he would have liked to have hit the judge in the mouth.

The two examiners who were assisting the trial court judge in these proceedings agreed that the appellant, with his present delusional system, is mentally ill and dangerous to others. We agree. While the state's burden of proof in these cases is a heavy one, *see, e.g., State v. Troupe,* 36 Or App 875, 879-880, 586 P2d 95 (1978), *review denied* (1979), it has been met in this case. The appellant's behavior in interrupting district court proceedings and then in later writing letters to the judge was bizarre. The expert's examination of the appellant established that he was mentally ill. Her explanation of her findings and accompanying opinion established a nexus between the mental illness and the appellant's behavior, and provided us with an expert opinion—which we accept—to the effect that the appellant is presently dangerous to others as a result of his mental condition. *See State v. Arnold,* 36 Or App 869, 586 P2d 93 (1978); *State v. Troupe, supra.*

Affirmed.